**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LANELL CARTER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** <u>4:22-CV-00</u>123 |
| | § | |
| **JOHN DOE AND ROEHL** | § | |
| **REFRIGERATED TRANSPORT, LLC,** | § | |
| *Defendants.* | § | |

**INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION**

TO THE UNITED STATES DISTRICT CLERK:

Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action:

(1) Tarrant county Docket Sheet
(2) Plaintiff's Original Petition (12/07/2021)
(3) Service Request Form (12/07/2021)
(4) Citation Issued on Roehl Refrigerated Transport LLC (12/07/2021)
(5) Executed Service of Citation for Roehl Refrigerated Transportation (01/27/2022)
(6) Defendants' Original Answer (02/15/2022)
(7) Order Setting Trial (02/16/2022)

Respectfully submitted,

**COX P.L.L.C**

_____

Clinton V. Cox, IV
State Bar No. 24040738
ccox@coxpllc.com
Gregory R. Brenner
State Bar No. 24027052
gbrenner@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231

Tel: (214) 444-7050
Fax: (469) 340-1884

**ATTORNEYS FOR DEFENDANT ROEHL
REFRIGERATED TRANSPORT, LLC**

## <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Texas Rules of Civil Procedure on this the 16th day of February 2022.

*/s/ Gregory R. Brenner*
Gregory R. Brenner

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    02/16/2022 1:37 PM

**Court :** 017 ⌄  **Case :** 330721   [Search]   [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 017-330721-21**                              **Date Filed : 12-07-2021**

LANELL CARTER  **| VS |**  JOHN DOE, ET AL

**Cause of Action :** INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|---|---|--------------|-----------------|
| 12-07-2021 | PLTF'S ORIG PET | N | | $289.00 | |
| 12-07-2021 | PAYMENT RECEIVED trans #1 | Y | | | $289.00 |
| 12-07-2021 | SVC REQ FORM | | | | $0.00 |
| 12-07-2021 | CIT-ISSUED ON ROEHL REFRIGERATED TRANSPORT LLC-On 12/08/2021 | N | Svc | $8.00 | |
| 12-07-2021 | PAYMENT RECEIVED trans #4 | Y | | | $8.00 |
| 01-27-2022 | RTN OF SVC ON ROEHL REFRIGERATED TRANSPORT LLC | | | | $0.00 |
| 01-27-2022 | CIT Tr# 4 RET EXEC(ROEHL REFRIGERATED TRANSPORT LLC) On 01/17/2022 | | | | $0.00 |
| 02-15-2022 | DEFN'S ORIG ANS | | | | $0.00 |

**EXHIBIT A-1**

| 02-16-2022 | ***ORDSET TRIAL***(WK OF JANUARY 9, 2023) | | | | M | | $0.00 |

017-330721-21

FILED
TARRANT COUNTY
12/7/2021 9:48 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| **LANELL CARTER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **JOHN DOE AND** | § | |
| **ROEHL REFIGERATED TRANSPORT** | § | |
| **LLC** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Lanell Carter, (hereinafter, "Plaintiff"), complains of Defendants, John Doe and Roehl Refrigerated Transport LLC., (hereinafter called "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of

**EXHIBIT A-2**

relief if necessary.

## Parties

4.      Plaintiff is an individual residing in Tarrant County, Texas.

5.      Defendant, John Doe (Hereinafter, "Defendant Doe") is the individual that was operating the truck owned by Defendant Roehl Transport at the time of the incident.

6.      Defendant, Roehl Refrigerated Transport LLC (Hereinafter, "Defendant Roehl Transport") is a business organized under the laws of Wisconsin doing business in Tarrant County, Texas. Defendant Roehl may be served with process through its registered agent, Richard Roehl at 1916 E 29th Street, Marshfield, WI 54449, or wherever found.

## Facts

7.      This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about August 20, 2021. At that time, Plaintiff was exiting the Sygma warehouse parking lot onto a service road and started travelling in the second to right lane behind Defendant Doe's truck. As Plaintiff was passing Defendant's vehicle, Defendant Doe made an unsafe lane change and collided with the Plaintiff's vehicle. Defendant Doe was driving a truck owned by Defendant Roehl Transport. Defendant Doe fled from the scene after calling Plaintiff a racial slur. As a result of Defendant's negligence and/or negligence *per se*, Plaintiff suffered extensive and permanent injuries.

8.      Defendant Doe's aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

     a)      Failing to control the vehicle's speed;

     b)      Failed to timely apply his brakes

     c)      Failed to yield right-of-way;

     d)      Failing to operate the vehicle safely;

     e)      Failing to turn the vehicle in an effort to avoid a collision;

f)      Failing to maintain a proper lookout in order to avoid a collision;

g)      Failing to maintain a safe distance;

h)      Failing to make a proper lane change;

i)      Violating applicable, local, state, and federal laws and/or regulations; and

j)      Other acts so deemed negligent.

9.      Defendant Doe was driving a vehicle owned by Defendant Roehl Transport. At all times material hereto, Defendant Doe, was operating the vehicle in the course and scope of his employment with Defendant Roehl Transport. As such, Defendant Roehl Transport is vicariously liable for Defendant Doe's negligent acts and omissions under the doctrine of *respondent superior.* Plaintiff further plead Defendant Roehl Transport was negligent and/or negligent *per se* for one or more of the following reasons:

a)      Negligently entrusted a motor vehicle to an incompetent driver;

b)      Negligently hired and/or retained employees;

c)      Negligently trained and/or supervised employees;

d)      Failed to maintain the vehicle in a reasonably safe condition;

e)      Violated applicable, local, state and federal laws and/or regulations;

f)      Other acts so deemed negligent.

10.     As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

## **Damages**

11.     By virtue of the actions and conduct of the Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

a.   Past and future medical expenses;

b.   Past and future pain, suffering and mental anguish;

c.   Past and future physical impairment;

3

    d.   Past and future physical disfigurement;

    e.   Past lost wages and future loss of earning capacity.

12.     By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Jury Demand

13.     Plaintiff hereby demands a jury trial.

### Duty to Disclose

14.     Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendants must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

15.     Pursuant to Rule 194, Tex. R. Civ. P., Defendants must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

16.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

    Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in

excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment

interests, all costs of Court, exemplary damages, and all such other and further relief, to which she

may show himself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Mary Akapo*
**Mary Akapo**
Texas State Bar No. 24125990
600 North Pearl St., Suite 2205
Dallas, TX 75201
Telephone: (469) 206-8210
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
        akapo@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dhenai Tunstall on behalf of John Daspit
Bar No. 24048906
dtunstall@daspitlaw.com
Envelope ID: 59772736
Status as of 12/7/2021 9:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Akapo | | akapo@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 12/7/2021 9:48:58 AM | SENT |
| Dhenai Tunstall | | dtunstall@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| DLF Intake | | intake@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 12/7/2021 9:48:58 AM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |

FILED
TARRANT COUNTY
12/1/2021 9:48 AM
THOMAS A. WILDER
DISTRICT CLERK

# CIVIL PROCESS REQUEST

017-330721-21

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____
Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** (*check one*):
    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
    ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication:        ☐ **COURTHOUSE DOOR,  or**
                                    ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    ☐ **OTHER**, *explain* _____

********************************************************************************************************************
****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** (*check one*):
    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**

    ☐ **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: _____  Phone: _____

    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**

    ☐ **PUBLICATION:**
        Type of Publication:        ☐ **COURTHOUSE DOOR,  or**
                                    ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____ TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: _____

PHONE NUMBER: _____   _____   FAX NUMBER: _____   _____
                area code          phone  number                            area code          fax  number

EMAIL ADDRESS: _____

**EXHIBIT A-3**

CIVIC08 Revised 8/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____  AMENDED PETITION
_____  SUPPLEMENTAL PETITION


COUNTERCLAIM
_____  AMENDED COUNTERCLAIM
_____  SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____  AMENDED CROSS-ACTION
_____  SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____  AMENDED THIRD-PARTY PETITION
_____  SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____  AMENDED INTERVENTION
_____  SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____  AMENDED INTERPLEADER
_____  SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
     ORDER TO:  _____
                              (specify)

     MOTION TO:  _____
                              (specify)


PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC198 Revised 8/3/99

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dhenai Tunstall on behalf of John Daspit
Bar No. 24048906
dtunstall@daspitlaw.com
Envelope ID: 59772736
Status as of 12/7/2021 9:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Akapo | | akapo@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 12/7/2021 9:48:58 AM | SENT |
| Dhenai Tunstall | | dtunstall@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| DLF Intake | | intake@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 12/7/2021 9:48:58 AM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 12/7/2021 9:48:58 AM | SENT |

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*       *Cause No. 017-330721-21*

### LANELL CARTER
VS.
### JOHN DOE, ET AL

TO: ROEHL REFRIGERATED TRANSPORT LLC

B/S REG AGENT-RICHARD ROEHL 1916 E 29TH ST MARSHFIELD, WI 54449-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

LANELL CARTER

Filed in said Court on December 7th, 2021 Against
JOHN DOE, ROEHL REFRIGERATED TRANSPORT LLC

For suit, said suit being numbered 017-330721-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

         MARY AKAPO
         Attorney for LANELL CARTER Phone No. (469)206-8210
         Address      600 N PEARL ST STE 2205 DALLAS, TX 75201

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 8th day of December, 2021.

                         By _____ Deputy
                                     NATALIE TRIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN  *01733072121000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


       Authorized Person/Constable/Sheriff: _____
       County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                       County of _____

EXHIBIT A-4

CITATION

Cause No. 017-330721-21

LANELL CARTER

VS.

JOHN DOE, ET AL

ISSUED

This 8th day of December, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                NATALIE THIGPEN Deputy

MARY AKAPO
Attorney for: LANELL CARTER
Phone No. (469)206-8210
ADDRESS: 600 N PEARL ST STE 2205

DALLAS, TX 75201

*CIVIL LAW*

*733072121000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

FILED
TARRANT COUNTY
1/27/2022 12:29 PM
THOMAS A. WILDER
DISTRICT CLERK

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*     .     *Cause No. 017-330721-21*

### LANELL CARTER

VS.

### JOHN DOE, ET AL

TO: ROEHL REFRIGERATED TRANSPORT LLC

B/S REG AGENT-RICHARD ROEHL 1916 E 29TH ST MARSHFIELD, WI 54449-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

LANELL CARTER

Filed in said Court on December 7th, 2021 Against
JOHN DOE, ROEHL REFRIGERATED TRANSPORT LLC

For suit, said suit being numbered 017-330721-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### MARY AKAPO
Attorney for LANELL CARTER Phone No. (469)206-8210
Address     600 N PEARL ST STE 2205 DALLAS, TX 75201
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 8th day of December, 2021.

By   *Natali Thigpen*
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 12/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *01733072121000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____. (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

**EXHIBIT A-5**

## Affidavit of Private Detective

TARRANT COUNTY TEXAS

LANELL CARTER vs REFRIGERATED TRANSPORT LLC   017-330721-21

JOHN DOE AS "ROEHL"

**PLAINTIFF/PETITIONER** (NAME OF COURT) **DEFENDANT/RESPONDENT**   **CASE NUMBER**

I, Kyle P. Corrigan _____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I ☐served ☐was unable to serve : ROEHL REFRIGERATED TRANSPORT LLC

with (list documents) PLAINTIFF'S ORIGINAL PETITION, AUTOMATED CERTIFICATE OF E-SERVICE, CITATION AND SUMMONS   **NAME OF PERSON TO BE SERVED**

by leaving with KIM SIMPSON   EXEC. ASST.   At
**NAME**   **RELATIONSHIP / POSITION**

☐ Residence _____
**ADDRESS**   **CITY / STATE**

☒ Business 1916 E. 29TH STREET, MARSHFIELD, WI 54449
**ADDRESS**   **CITY / STATE**

On JANUARY 17, 2022   AT 1:55 PM
**DATE**   **TIME**

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
**DATE**

from _____
**CITY**   **STATE**   **ZIP**

**Manner of Service:**
☐ Personal: By personally delivering copies to the person being served.
☐ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ Corporate: By personally delivering copies to the person named above.
☐ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.

Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

Service Attempts: Service was attempted on: (1) _____   (2) _____
**DATE**   **TIME**   **DATE**   **TIME**

(3) _____   (4) _____   (5) _____
**DATE**   **TIME**   **DATE**   **TIME**   **DATE**   **TIME**

Description:. Age 50 Sex F Race W Height 5'3" Weight 160 Hair BL Beard N Glasses Y

_____
**SIGNATURE OF PRIVATE DETECTIVE**
#11453-64

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2022, by Kyle P. Corrigan
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
**SIGNATURE OF NOTARY PUBLIC**

NOTARY PUBLIC for the state of Wisconsin

**BRIGHT LINE INVESTIGATIONS**

Bright Line Investigations LLC
Wisconsin Private Detective Agency License #17064-62

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 61204817
Status as of 1/27/2022 12:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DLF Intake | | intake@daspitlaw.com | 1/27/2022 12:29:35 PM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 1/27/2022 12:29:35 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 1/27/2022 12:29:35 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 1/27/2022 12:29:35 PM | SENT |
| Dhenai Tunstall | | dtunstall@daspitlaw.com | 1/27/2022 12:29:35 PM | ERROR |
| Mary Akapo | | akapo@daspitlaw.com | 1/27/2022 12:29:35 PM | SENT |

017-330721-21

FILED
TARRANT COUNTY
2/15/2022 7:39 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-330721-21

| | | |
|---|---|---|
| LANELL CARTER | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 17th JUDICIAL DISTRICT |
| | § | |
| JOHN DOE AND ROEHL | § | |
| REFRIGERATED TRANSPORT, LLC | § | |
| *Defendants* | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **ROEHL REFRIGERATED TRANSPORT, LLC** Defendant in the above-styled and numbered cause, and files this Original Answer and would respectfully plead as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

2.      Defendant contends that the alleged accident made the basis of this lawsuit and the alleged damages, if any, were caused by the negligence of persons or third-parties over whom Defendant had no control, and for whom Defendant is not in law responsible. Such negligence was the sole cause or, alternatively, a proximate cause of the alleged occurrence in question and the alleged damages, if any.

3.      Pleading further, Defendant raises the affirmative defense of proportionate responsibility pursuant to Tex. Civ. Prac. & Rem. Code §33.001. Specifically, Defendant would

**EXHIBIT A-6**

Defendant's Original Answer                                                    Page 1 of 6

show that at the time and on the occasion in question, Plaintiff Lanell Carter failed to exercise that degree of care and caution that would have been exercised by a person of ordinary prudence, under the same or similar circumstances.  Accordingly, Lanell Carter's acts and/or omissions constitute negligence, and such negligence was the sole cause, or in the alternative, a proximate cause of the accident in question, and the damages and injuries, if any, sustained by Plaintiff herein. Therefore, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendant.

4.      Pleading further, and in the alternative, Defendant would show the damages alleged in Plaintiff's Petition, if any, were the result of a superseding and/or independent intervening cause, and Plaintiff cannot therefore provide a basis for any recovery against Defendant.

5.      Defendant affirmatively plead that this was an unavoidable accident.

6.      Further answering, if same be necessary, and without waiving any of the matters hereinabove asserted, Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.

7.      Defendant further pleads that Plaintiff's damages, if any, were caused by an intervening cause, and/or new and independent cause which broke any causal connection between Defendant's acts and/or omissions and Plaintiff's damages.  The intervening cause, and/or new independent cause was unforeseeable and a superseding cause of Plaintiff's damages, if any. Therefore, Defendant is not liable for such damages.

8.      Defendants further affirmatively pleads that Plaintiff failed to mitigate her claimed damages.

**III.**
**LIMITATIONS ON DAMAGES**

9.      Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

10.      Defendant further invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

11.      Pleading further, Defendant would show that Plaintiff is not entitled to an award of exemplary damages, unless the Plaintiff proves by clear and convincing evidence that Defendant acted with malice.   Tex. Civ. Prac. & Rem. Code §41.003(a).

12.      Defendant would further show the Court that the exemplary damages awarded against Defendant, if any, may not exceed the amount contained in and limited by Chapter 41 of the Texas Civil Practice and Remedies Code, and Defendant respectfully requests this honorable Court to compute Plaintiff's award, if any, in accordance with the language of Chapter 41 of the Texas Civil Practice and Remedies Code. Specifically, pursuant to §41.008, Plaintiff is only

entitled to exemplary damages, if any, not to exceed an amount equal to two times the amount of economic damages and an amount equal to any non-economic damages, not to exceed $750,000; or $200,000.  Defendant also requests that the Plaintiff proves the necessary requirements to establish a cause of action for exemplary damages as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.  Further, prejudgment interest may not be recovered on an award of exemplary damages pursuant to §41.007 of the Texas Civil Practice and Remedies Code.

13.     To the extent Plaintiff's claim punitive damages against Defendant, an award of punitive damages against it, without any cap or limit whatsoever placed upon the amount of punitive damages which may be awarded, would violate its rights to due process as guaranteed by the 14th Amendment to the United States Constitution by Article I, Section 19 of the Texas Constitution, as well as by the public policy and common law of this State.

14.     Further, with respect to Plaintiff's claim for punitive damages, any award of punitive damages against Defendant, which may be based upon any conduct or products not specifically alleged as the basis for Plaintiff's claims in this action, would violate its due process rights as guaranteed by the 14th Amendment to the United States Constitution by Article I, Section 19 of the Texas Constitution, as well as by the public policy and common law of this State.

15.     Defendant also invokes the defense of burden of proof, as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.  Defendant maintains that Plaintiff does not state a viable claim for the imposition of punitive damages.

16.     Defendant further invokes the protections and limitations of Texas Finance Code sections 304.103, 304.1045, and 304.003, relating to any award of pre- and/or post-judgment interest.

17.    Defendant reserves the right to amend or supplement this Answer, at a later time in the proceedings.

## IV.
## DEMAND FOR JURY TRIAL

18.    Defendant hereby demands a trial by jury.

## V.
## DISCOVERY PLAN

19.    Defendant requests a Level III Discovery Plan.

## VI.
## REQUEST FOR DEPOSITIONS

20.    Should this matter not be dismissed or adjudicated by preliminary motion, Defendant hereby requests dates for the depositions of Plaintiff, Plaintiff's family and friends, treaters, and experts, as well as any accident or pre-accident witnesses.  Defendant envisions such depositions will need to be taken after reasonable time for written discovery, including Defendant being provided, or seeking through subpoena, the relevant records related to this accident and Plaintiff's alleged damages. Defendant and Defendant's witnesses will be presented for deposition after Plaintiff's depositions.

## VII.
## NOTICE OF INTENT

21.    Defendant hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

## VIII.
## PRAYER

Defendant respectfully prays that Plaintiff take nothing, assess costs against the Plaintiff, and request such other and further relief, at law or in equity, both general and special, at law and in equity, to which Defendant may show itself justly entitled to receive and for which Defendant shall ever pray.

Respectfully submitted,

**COX P.L.L.C**

Clinton V. Cox, IV
State Bar No. 24040738
ccox@coxpllc.com
Gregory R. Brenner
State Bar No. 24027052
gbrenner@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
Tel: (214) 444-7050
Fax: (469) 340-1884

**ATTORNEYS FOR DEFENDANT ROEHL REFRIGERATED TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Texas Rules of Civil Procedure on this the 15th day of February 2022.

*/s/ Greg Brenner*
Greg Brenner

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Gordon on behalf of Greg Brenner
Bar No. 24027052
dgordon@coxpllc.com
Envelope ID: 61783403
Status as of 2/16/2022 8:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DLF Intake | | intake@daspitlaw.com | 2/15/2022 7:39:18 PM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 2/15/2022 7:39:18 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 2/15/2022 7:39:18 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 2/15/2022 7:39:18 PM | SENT |
| Dhenai Tunstall | | dtunstall@daspitlaw.com | 2/15/2022 7:39:18 PM | ERROR |
| Mary Akapo | | akapo@daspitlaw.com | 2/15/2022 7:39:18 PM | ERROR |

Associated Case Party: THE ROEHL REFRIGERATED TRANSPORT LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Greg Brenner | | gbrenner@coxpllc.com | 2/15/2022 7:39:18 PM | SENT |
| Clint V.Cox | | ccox@coxpllc.com | 2/15/2022 7:39:18 PM | SENT |
| Donna Gordon | | dgordon@coxpllc.com | 2/15/2022 7:39:18 PM | SENT |



CAUSE NO. 017-330721-21

| | | |
|---|---|---|
| **LANELL CARTER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **JOHN DOE, ET AL** | § | **17TH JUDICIAL DISTRICT** |

## ORDER SETTING TRIAL

The Court hereby enters the following trial setting and other pretrial deadlines. All deadlines not contained in this Order shall be governed by the Texas Rules of Civil Procedure and Tarrant County Local Rules. If all parties/attorneys desire a different trial setting, an agreed scheduling order with the new trial date contained therein shall be submitted to the Court within fourteen days.

**March 2, 2022**          An Agreed Scheduling Order shall be submitted by this date.

**December 30, 2022**     Each party shall file with the clerk of the court an exhibit list,
**by noon**               witness list, motions in limine, and a proposed charge of the court
                          or proposed findings of fact/conclusions of law. A courtesy copy of
                          the proposed charge should also be sent in Word format via e-mail
                          to jmgrimsley@tarrantcounty.com.

**January 5, 2023**       The Court will conduct a pretrial hearing on this date and time with
**at 2:30 p.m.**          the parties.

**January 9, 2023**       This case is set for trial during the week of January 9, 2023.

Signed on this 16th day of February, 2022.

**Melody Wilkinson, Judge Presiding**

**EXHIBIT A-7**